IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

DUANE LEON KOENNECKE,                                         CV. 06-628-KI

        Petitioner,                                    OPINION AND ORDER

  v.

OREGON BOARD OF PAROLE AND
POST-PRISON SUPERVISION and
KATHLEEN BUSTAMONTE, Columbia
County Parole and Probation,

        Respondents.


MARC D. BLACKMAN
KENDRA M. MATTHEWS
Ransom, Blackman LLP
1400 Congress Center
1001 S.W. Fifth Avenue
Portland, Oregon 97204-1144

    Attorneys for Petitioner

HARDY MYERS
Attorney General
DOUGLAS Y.S. PARK
Senior Assistant Attorney General
Department of Justice
1162 Court Street NE
Salem, Oregon, 97301-4096

    Attorneys for Respondents


1 -- OPINION AND ORDER

KING, Judge

    Petitioner brings this habeas corpus proceeding pursuant to 28 U.S.C. § 2254, claiming that he was denied effective assistance of trial and appellate counsel.  For the reasons set forth below, petitioner's second amended habeas corpus petition (#39) is DENIED, and this proceeding is DISMISSED, with prejudice.

### BACKGROUND

    On September 19, 1995, petitioner was indicted on charges of Murder, Assault in the Second Degree with a Firearm, Felon in Possession of a Firearm, and Recklessly Endangering Another Person. The charges arose out of a chance meeting between petitioner and Robert Rodman on September 9, 1995, which resulted in petitioner firing 23 rounds from his rifle, striking Rodman fourteen times. Rodman was killed.  Wendy Adams, an acquaintance of Rodman, was shot in the lower abdomen, but survived.

    At trial, several bystanders testified that petitioner was the initial aggressor and that, when petitioner began shooting at Rodman, Rodman was attempting to leave the scene.  (Trial Tr. at 100-01, 109-11, 144, 206-07, 210-14, 392-93, 477-78, 493, 527-28, & 536.)  Multiple witnesses testified that right before petitioner began shooting, he stated in a monotone voice, "stop, I'm afraid of you", and then immediately began firing at Rodman.  (Trial Tr. at 213-14, 483, & 518.) Witnesses testified that petitioner continued to shoot at Rodman as he fell to the ground.  (Trial Tr. at 144,

218 & 492.) Petitioner testified that he acted in self defense. (Trial Tr. at 719-782.)

The jury returned a verdict of guilty on all charges except murder - petitioner was found guilty of the lesser included offense of manslaughter in the first degree. Petitioner's conviction was affirmed on appeal. State v. Koennecke, 157 Or. App. 723, 972 P.2d 1231 (1998), rev. denied, 328 Or. 418 (1999). Petitioner sought state post-conviction relief on the basis that his conviction and sentence were unconstitutional.

The post-conviction court held that post-conviction relief was warranted on two issues only: (1) that the trial court erred in imposing a $100,000 fine without making a finding that petitioner had the ability to pay the fine; and (2) appellate counsel rendered ineffective assistance by failing to raise as error the imposition of a departure sentence on count 1 (manslaughter). The post-conviction court vacated petitioner's sentence and remanded for re-sentencing. The Oregon Court of Appeals affirmed the judgment of the post-conviction court, and the Oregon Supreme Court denied review. Koennecke v. Lampert, 198 Or. App. 444, 108 P.3d 653, rev. denied, 339 Or. 66 (2005).

On January 11, 2006, petitioner was re-sentenced on remand from the post-conviction court. On March 9, 2006, petitioner was released from confinement, after serving 126 months imprisonment. Petitioner currently is on post-prison supervision.

3 -- OPINION AND ORDER

**DISCUSSION**

Petitioner raises two claims of ineffective assistance of counsel. First, petitioner alleges that trial and appellate counsel were ineffective for failing to challenge the trial court's exclusion of evidence of Rodman's mental health history on due process grounds. Second, petitioner complains that trial counsel failed to discover and present evidence that the events leading up to Rodman's death occurred on or immediately adjacent to property owned by petitioner's father.

A claim of ineffective assistance of counsel requires petitioner to prove that counsel's performance fell below an objective standard of reasonableness and that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. Bell v. Cone, 535 U.S. 685, 695 (2002); Williams v. Taylor, 529 U.S. 362, 390-91 (2000); Strickland v. Washington, 466 U.S. 668, 687-88 (1987).

To prove deficiency of performance, petitioner "'must show that counsel's representation fell below an objective standard of reasonableness.'" Taylor, 529 U.S. at 390-91 (quoting Strickland, 466 U.S. at 688). "To establish prejudice [petitioner] 'must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different.'" Id. at 391 (quoting Strickland, 466 U.S. at 694). In evaluating proof of prejudice, this court "must consider the

4 -- OPINION AND ORDER

totality of the evidence" before the jury.  Strickland, 466 U.S. at 696.

## I.  Failure to Object to Exclusion of Evidence on Due Process Grounds.

At trial, defense counsel sought to offer evidence regarding Rodman's psychological history, including testimony concerning Rodman's obsession over a satanic conspiracy to control his mind (involving a group known as the "LaVeys"), evidence that Rodman was the subject of a domestic restraining order, a Department of Veteran's Affairs psychological evaluation diagnosing Rodman as a paranoid schizophrenic, and a "psychological autopsy". (Petitioner's Exh. 7 at 7-16; Exh. 8; and Exh. 10 at 59-135.)  The trial court refused to admit the evidence because it was not known to petitioner at the time of the shooting and was not proper impeachment.  (Petitioner's Exh. 5 at 20-22, Exh. 10 at 38-39, 153-56, Exh. 11 & Trial Tr. 648-53, 691-700, 818-23.)

At his state post-conviction proceeding, petitioner alleged that trial and appellate counsel were ineffective for failing to raise a due process challenge to the exclusion of the psychological evidence.  The post-conviction court rejected the claim, concluding that trial counsel's failure to raise a due process argument was "not a factor in the outcome of the trial."

The Oregon Court of Appeals agreed, holding that a defendant's right to present a defense under the Due Process Clause is not

unfettered and may be subjected to a state's established rules of evidence:

> [W]e agree with the post-conviction court that a due process argument by either trial counsel or appellate counsel would not, in all likelihood, have resulted in this court, or the Supreme Court, reversing petitioner's conviction. That is because petitioner's due process argument is, in essence, redundant of his arguments that the evidence was relevant under OEC 401. Defendant's due process rights do not trump the authority of the Oregon legislature to make irrelevant evidence inadmissible, and petitioner took the opportunity to urge that the evidence was relevant to his defense, both at trial and on appeal. We conclude therefore that, even if trial counsel and appellate counsel had raised a due process argument under the circumstance of this case, those arguments would have been no more successful than the arguments that he made under OEC 401 because they were, in substance, the same argument.

Koennecke, 198 Or. App. at 455-56, citing Chambers v. Mississippi, 410 U.S. 284, 302 (1973).

In the instant proceeding, petitioner argues that had trial counsel raised a due process objection to the exclusion of Rodman's psychological history, the trial court would have been bound to admit it, and there is a reasonable probability that had the evidence been admitted the result of the trial would have been different." I disagree.

The Due Process Clause guarantees a criminal defendant "the right to a fair opportunity to defend against the State's accusations." Chambers, 410 U.S. at 294. However, that right is not unfettered. Montana v. Egelhoff, 518 U.S. 37, 42 (1996). States have broad latitude under the Constitution to establish

6 -- OPINION AND ORDER

rules excluding evidence from criminal trials.  <u>Holmes v. South Carolina</u>, 547 U.S. 319, 324 (2006).  "While the Constitution . . . prohibits the exclusion of defense evidence under rules that serve no legitimate purpose or that are disproportionate to the ends that they are asserted to promote, well-established rules of evidence permit trial judges to exclude evidence if its probative value is outweighed by certain other factors such as unfair prejudice, confusion of the issues, or potential to mislead the jury."  <u>Id.</u> at 326.

Here, the trial court excluded evidence of Rodman's psychological history on the basis that it was not relevant.  The trial court reasoned that petitioner's "claim of self-defense allows [him] to present evidence of the words and conduct of the deceased on the date of the altercation" but "[t]he jury should not be concerned with deciding why Rodman acted as described, or if he had acted irrationally on other occasions."  Because petitioner did not know Rodman prior to the altercation, the evidence of Rodman's psychological history would not support petitioner's assertion that he acted reasonably under the circumstances.[1]  Moreover, the trial court reasoned that the evidence was of little probative value

---

[1] In this regard, petitioner's reliance upon <u>DePetris v. Kuykendall</u>, 239 F.3d 1057, 1063 (9th Cir. 2001), and <u>United States v. James</u>, 169 F.3d 1210, 1214 (9th Cir. 1999) is misplaced.  Both cases involved the exclusion of evidence of which the defendant was aware at the time of the crime.

because Rodman's apparent obsession with a satanic cult and his angry discussions with friends about the LaVeys bore no similarity to the altercation with petitioner. (Trial Tr. 692-700.)

The trial court's exclusion of Rodman's psychological history did not impermissibly undermine petitioner's ability to present his defense. Petitioner testified to his state of mind at the time of the altercation and to his perception of Rodman's behavior. Multiple eyewitnesses, unrelated to either petitioner or the decedent, were available to testify concerning the altercation. Although the psychological evidence may have bolstered petitioner's credibility, it only marginally related to the circumstances giving rise to the altercation and more likely would have served as improper propensity evidence. Accordingly, its exclusion was not violative of due process. See United States v. Scheffer, 523 U.S. 303, 317 (1998) (exclusion of evidence not violative of due process because it did not prevent defendant from introducing factual evidence but merely resulted in exclusion of evidence to bolster defendant's credibility); see also Perry v. Rushen, 713 F.2d 1447, 1450-53 (9th Cir. 1983), cert. denied, 469 U.S. 838 (1984) (construing Supreme Court precedent as applying a balancing test for due process claims); Chia v. Cambra, 360 F.3d 997, 1003-04 (9th Cir. 2004), cert. denied, 544 U.S. 919 (same).

In sum, petitioner has failed to demonstrate that had counsel raised a due process objection to the exclusion of evidence, it

would have been sustained.  Accordingly, the Oregon courts' rejection of petitioner's ineffective assistance of counsel claim is neither contrary to, nor an unreasonable application of clearly established Federal law.  See Rupe v. Wood, 93 F.3d 1434, 1445 (9th Cir. 1996), cert. denied, 519 U.S. 1142, 1145 (1997) (failure to take futile action does not constitute deficient performance); United States v. Moore, 921 F.2d 207, 210 (9th Cir. 1990) (trial counsel is not ineffective for failing to make meritless motion because neither deficiency nor prejudice exists).

## II. Failure to Conduct Adequate Investigation and Present Evidence.

In the state post-conviction proceeding, petitioner alleged that his trial attorney was constitutionally ineffective for failing to conduct an adequate investigation and present evidence regarding ownership of the property where the shooting occurred. The post-conviction court rejected the claim, concluding that there was adequate evidence produced at trial that petitioner's family owned the property and additional evidence "would not have changed matters."  The post-conviction court explained:

> [T]he fact that Petitioner was on property owned by his family would not have provided legal justification for Petitioner to shoot and kill Rodman under the circumstances of this case.  Petitioner claims no interest in the property involved (Exh. 101 p.58), therefore, the fact that someone in his family owned the property gave him no special rights of self-defense that any other person on the property with permission would not have.  Deadly force is not allowed against a mere trespasser.

9 -- OPINION AND ORDER

(Petitioner's Exh. 40 at 7-8.)

The Oregon Court of Appeals agreed:

> The issue before the jury, based on petitioner's asserted defense, was whether petitioner reasonably believed that deadly force was necessary. Under the applicable law, the fact that the state called into question his credibility on the issue of who owned the property on which the shootings took place had minimal impact on the overall question of the reasonableness of his conduct and his assertion of self-defense. Petitioner was armed with a loaded semi-automatic rifle in his confrontations with Rodman, who carried a large stick during the first confrontation. By the time of the shooting, Rodman was, by all accounts, unarmed. The jury could have believed everything petitioner testified to, including his testimony about family ownership of the property, and still have found that, by shooting 23 rounds at Rodman, he acted with unreasonable force. In sum, petitioner failed to demonstrate that the failure of his trial counsel to provide corroborating evidence to his testimony regarding the property ownership would have had a tendency to change the outcome of the trial or that there was a reasonable probability that the jury would have returned a different verdict but for that failure.

Koennecke, 198 Or. App. at 458-59.

In the instant proceeding, petitioner argues that because trial counsel failed to produce evidence of petitioner's family ownership of the property, his credibility was undermined on cross examination and the jury was not properly instructed that he had no duty to retreat.

A fair reading of the trial transcript, however, discloses that petitioner was not challenged on cross examination about his father's ownership of the property, but rather whether he had a personal interest in the property. (Trial Tr. at 785-86.)

10 -- OPINION AND ORDER

Moreover, the trial court declined to give the requested instruction on "no duty to retreat", not due to insufficiency of the evidence of family ownership, but on the basis that the uniform instructions were a more accurate statement of the law. (Trial Tr. 828-31.)

In light of these factors, and the overwhelming evidence that Rodman was unarmed and leaving the scene when petitioner began shooting at him, I conclude that petitioner has failed to demonstrate that he suffered prejudice as a result of trial counsel's alleged deficiency. See Villafuerte v. Stewart, 111 F.3d 616, 630 (9th Cir. 1997), cert. denied, 522 U.S. 1079 (1998) (habeas court may properly address prejudice prong first, without considering whether counsel's conduct was deficient). The state courts' rejection of petitioner's ineffective assistance claim, therefore, is neither contrary to, nor an unreasonable application of clearly established Federal law.

## CONCLUSION

Petitioner's second amended habeas corpus petition (#39) is DENIED, and this proceeding is DISMISSED, with prejudice.

IT IS SO ORDERED.

DATED this ___20th___ day of June, 2008.

                                       /s/ Garr M. King
                                       Garr M. King
                                       United States District Judge